165 F.3d 31
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Bobbie J. DUNBAR, Plaintiff-Appellant,
v.
BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, Defendant-Appellee.
 No. 98-1593.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 15, 1998.
Decided Oct. 16, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 96 C 8322. James F. Holderman, Judge.
 Before Hon. WILLIAM J. BAUER, Hon. DANIEL A. MANION, Hon. MICHAEL S. KANNE, Circuit Judges.
 
 ORDER
 
 1
 Bobbie Dunbar, a black woman, began working for the University of Illinois Hospital in 1973. By July of 1993, she had been promoted to Interim Director of Patient Transport. However, the Board of Trustees eliminated that position, and transferred Dunbar to the position of Data Entry Manager. Dunbar sued the Board of Trustees, claiming that she was downgraded because of her sex. She also alleged that the Board of Trustees gave her only a .5% merit raise because of her race, and that it retaliated against her for filing an EEOC charge by eliminating her Data Entry Manager job. The Board of Trustees moved for summary judgment on all counts, and the district court granted that motion.
 
 
 2
 We review a district court's summary judgment decision de novo. In this case the district court has set forth a thorough rendition of the facts and has carefully and correctly analyzed and applied the law for each of Dunbar's claims of race discrimination, sex discrimination, and retaliation. Rather than saying much the same thing again, we affirm the district court for the reasons set forth in its opinion.